# In the United States Court of Federal Claims

No. 23-1025

(Filed: September 6, 2024)

```
*****************************************
BUY BELIZE, LLC, et al.,                *
                                        *
                    Plaintiffs,         *
                                        *
        v.                              *
                                        *
THE UNITED STATES,                      *
                                        *
                    Defendant.          *
*****************************************
```

*Neil H. Koslowe*, Potomac Law Group, PLLC, Washington, DC, and *John B. Williams*, Williams Lopatto PLLC, Washington, DC, counsel for Plaintiffs.

*Eric E. Laufgraben*, U.S. Department of Justice, Civil Division, Washington, DC, counsel for Defendant.

**OPINION AND ORDER**

**DIETZ, Judge.**

Buy Belize, LLC and nine other entities[1] (collectively, "the Belize Entities") filed a complaint alleging that the Federal Trade Commission ("FTC") illegally exacted money, property, receivables, and other assets (collectively, the "property interests") from them. The government moves to dismiss the complaint for lack of subject-matter jurisdiction under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC") and for failure to state a claim under RCFC 12(b)(6). For the following reasons, the Court **GRANTS** the government's motion to dismiss for lack of subject-matter jurisdiction.

**I.      BACKGROUND**

On October 31, 2018, the FTC filed a complaint against the Belize Entities and multiple individual defendants in the United States District Court for the District of Maryland.[2] Compl.

---

[1] The plaintiffs are Buy Belize, LLC; Buy International, Inc.; Eco-Futures Development, LLC; Eco-Futures Belize, Ltd.; Foundation Development Management, Inc.; Global Property Alliance, Inc.; Power Haus Marketing; Sanctuary Belize Property Owners' Association; Sittee River Wildlife Reserve; and the Estate of John Pukke. Compl. [ECF 1] ¶¶ 2-11.

[2] In addition to the Belize Entities, the FTC's complaint identified four principal individual defendants. *In re Sanctuary Belize Litig.* (*Belize I*), 482 F. Supp. 3d 373, 385 (D. Md. 2020). These defendants have been, at some point, either owners, managing members, or directors of the Belize Entities. *See id.* at 429.

[ECF 1] ¶ 13; *see also In re Sanctuary Belize Litig.* (*Belize I*), 482 F. Supp. 3d 373, 386-88 (D. Md. 2020), *aff'd in part and vacated in part*, *FTC v. Pukke*, 53 F.4th 80 (4th Cir. 2022). The individual defendants involved in the instant matter are Andris Pukke, Peter Baker, and John Usher (collectively, the "individual defendants"). [ECF 1] at 1. The FTC alleged that "a web of individuals and corporate entities," *Belize I*, 482 F. Supp. 3d at 386, "violated section 5(a) of the [FTC Act ('FTCA')] . . . by engaging in deceptive acts and practices and making material misrepresentations in connection with the sale and telemarketing of Sanctuary Belize,"[3] [ECF 1] ¶ 14. The FTC asked the district court to enter an *ex parte* temporary restraining order and appoint a receiver "to freeze, seize, and take custody and control of all [property interests]" belonging to the defendants. *Id.* ¶ 15; *Belize I*, 482 F. Supp. 3d at 388. The district court issued the *ex parte* temporary restraining order and appointed a receiver "to ensure there would be sufficient funds to satisfy a final order granting equitable monetary relief to the FTC pursuant to section 13(b) of the FTCA." [ECF 1] ¶ 15; *Belize I*, 482 F. Supp. 3d at 388. On August 2, 2019, after the receiver implemented the district court's order, the district court issued a preliminary injunction against the defendants; the terms of the preliminary injunction were identical to those of the temporary restraining order. [ECF 1] ¶ 16; *Belize I*, 482 F. Supp. 3d at 388. On August 28, 2020, the district court issued a post-trial memorandum opinion, concluding that the individual defendants and the Belize Entities violated Section 5(a) of the FTCA. [ECF 1] ¶ 17; *Belize I*, 482 F. Supp. 3d at 387. The district court also granted the FTC's motion to hold the individual defendants in contempt for violating a final order issued in a different case. [ECF 1] ¶ 19; *Belize I*, 482 F. Supp. 3d. at 386. Further, the district court entered a default judgment against the Belize Entities and Mr. Usher. [ECF 1] ¶ 17; *Belize I*, 482 F. Supp. 3d at 387.

On January 13, 2021, the district court entered three orders. [ECF 1] ¶¶ 18-19. Two of the orders granted equitable monetary relief "in favor of the FTC in the amount of $120.2 million," one against Mr. Pukke and Mr. Baker, and the other against the defaulting Mr. Usher and the Belize Entities. *Id.* ¶ 18. The district court ordered the receiver "to maintain custody and control" of the property interests seized from the individual defendants and the Belize Entities to satisfy the equitable monetary relief award. *Id.* The district court also entered a third order against the individual defendants, "holding them in contempt for violating an injunction in a different prior case and imposing a civil contempt sanction of $120.2 million against them." *Id.* ¶ 19. The individual defendants and the Belize Entities appealed the district court's equitable monetary judgment and contempt sanction. *Pukke*, 53 F.4th at 101.

Several months after the district court's orders, the Supreme Court of the United States held "that section 13(b) of the FTCA does not authorize the FTC to seek or obtain, and it does not authorize any court to grant, equitable monetary relief." [ECF 1] ¶ 20; *see also AMG Cap. Mgmt., LLC v. FTC*, 593 U.S. 67, 70 (2021). Relying on the Supreme Court's decision, the United States Court of Appeals for the Fourth Circuit vacated the district court's $120.2 million equitable monetary judgment to the extent it rested on Section 13(b). [ECF 1] ¶ 21; *Pukke*, 53 F.4th at 97, 105. The Fourth Circuit, however, affirmed the district court's $120.2 million contempt sanction. *Pukke*, 53 F.4th at 104.

---

[3] Sanctuary Belize "is a real estate development situated on some 14,000 acres (nearly the size of Manhattan) in the Central American country of Belize." *Belize I*, 482 F. Supp. 3d at 389.

On May 5, 2023, following the Fourth Circuit's decision, the individual defendants and the Belize Entities filed a motion in the district court, seeking "the return of the [property interests] seized from them by the receiver." [ECF 1] ¶ 22; *In re Sanctuary Belize Litig.* (*Belize II*), No. 18-3309, 2023 WL 3766084, at *1 (D. Md. May 31, 2023). Additionally, the FTC filed a motion in the district court for an order "to Reform and Reaffirm [the] Final Orders[] to account for the Fourth Circuit's ruling on appeal." Order Reforming and Reaffirming the Final Orders [ECF 6-1] at 1[4]; *Belize II*, 2023 WL 3766084, at *1. The district court denied the motion filed by the individual defendants and the Belize Entities on May 31, 2023, but it granted-in-part and denied-in-part the motion filed by the FTC. [ECF 1] ¶ 23; *Belize II*, 2023 WL 3766084, at *1. In its memorandum order, the district court ruled that the property interests of the individual defendants and the Belize Entities must be turned over to the receiver. [ECF 1] ¶ 23; *Belize II*, 2023 WL 3766084, at *1. The district court also stated that "the [c]ourt's Contempt Order supports the Default Order's provisions requiring that [the Belize Entities] and their assets be relinquished or transferred to the [r]eceiver." *Belize II*, 2023 WL 3766084, at *3. On June 14, 2023, the district court reaffirmed its contempt sanction against the individual defendants and "ordered that the [property interests] of [the Belize Entities] . . . be turned over to satisfy the civil contempt sanction issued against [the individual defendants]." [ECF 1] ¶ 24; [ECF 6-1] at 2-3. The individual defendants appealed the district court's June 14, 2023, order, but the Belize Entities did not join that litigation. Pl.'s Resp. to Mot. to Dismiss [ECF 7] at 16; *FTC v. Pukke*, No. 23-1742 (docketed July 14, 2023). As of the date of this opinion and order, the Fourth Circuit has not issued a decision on the appeal. *FTC v. Pukke*, No. 23-1742 (docketed July 14, 2023).

On July 3, 2023, the Belize Entities filed a complaint in this Court, alleging that "[b]y the actions of the FTC, the receiver, and the district court, the United States has exacted millions of dollars of money, property, receivables, and other assets belonging to the Belize Entities in violation of the laws of the United States." [ECF 1] ¶ 27. The government moved to dismiss the complaint on September 29, 2023, for lack of subject-matter jurisdiction pursuant to RCFC 12(b)(1) and for failure to state a claim pursuant to RCFC 12(b)(6).[5] Def.'s Mot. to Dismiss [ECF 6] at 1-1. The motion to dismiss is fully briefed, and the Court held oral argument on April 18, 2024. [ECF 10].

## II.   STANDARD OF REVIEW

"The Court of Federal Claims is a court of limited jurisdiction." *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) (citations omitted). The Tucker Act authorizes jurisdiction in the court to "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department." 28 U.S.C. § 1491(a)(1); *accord Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1572 (Fed. Cir. 1996). When the defendant challenges the court's jurisdiction over the complaint, the plaintiff bears the burden of establishing subject-matter jurisdiction by a preponderance of the evidence. *See Groundbreaker Dev. Corp. v. United States*, 163 Fed. Cl. 619, 623 (2023) (citing *Trusted*

---

[4] All page numbers in the parties' briefings and exhibits refer to the page numbers generated by CM/ECF.

[5] Because the Court finds that it lacks jurisdiction over the Belize Entities' complaint, the Court does not address the government's motion to dismiss the complaint for failure to state a claim pursuant to RCFC 12(b)(6).

*Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). In examining whether it has jurisdiction, the court "must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration*, 659 F.3d at 1163 (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)); *see also Hymas v. United States*, 810 F.3d 1312, 1317 (Fed. Cir. 2016) (stating that "only uncontroverted factual allegations are accepted as true.") (internal quotation marks omitted). "[T]he court may consider evidence outside the pleadings to resolve the issue." *Aerolineas*, 77 F.3d at 1572. If the Court determines that it lacks subject-matter jurisdiction, it must dismiss the case. RCFC 12(h)(3); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

**III.   DISCUSSION**

The government argues that, although the Belize Entities couch their claim "in the language of illegal exaction law," they actually seek "review of district court decisions," which is not within this Court's jurisdiction. [ECF 6] at 13. According to the government, in implementing the decision of the Fourth Circuit, the district court "decided that the $120.2 million monetary judgment could be enforced as a civil sanction rather than as an equitable monetary judgment under Section 13(b) of the [FTCA], and . . . that the seizure of the [Belize Entities'] assets and appointment of a receiver was proper." *Id.* at 14. Therefore, the government contends that "any illegal exaction claim relating to the district court's judgment would necessarily require this Court to review the order of the district court[,]" *id.*, but "[t]his Court has no authority to review or alter the holdings of Federal district courts[,]" *id.* at 13.

In response, the Belize Entities argue that the Court has jurisdiction over their illegal exaction claim because they were "compelled to transfer their assets and property to a receiver at the behest of the FTC pursuant to section 13(b) of the FTCA" despite the "FTC ha[ving] no legal authority under that statute to seek or obtain that transfer." [ECF 7] at 11. They contend that they "are not seeking review of any district court orders," *id.* at 13, and that their "illegal exaction claim does not require this Court to review or scrutinize the district court's orders," *id.* at 15. Instead, relying on *Boise Cascade Corp. v. United States*, 296 F.3d 1339 (Fed. Cir. 2002), they argue that the FTC, in seeking a court order to compel the Belize Entities to transfer their property interests to a receiver, made an illegal exaction, and "the fact that it was the district court's order that forced the Belize Entities to transfer their [property interests] to a receiver does not deprive this Court of jurisdiction over [their] illegal exaction claim." [ECF 7] at 15.

The Court finds that it cannot exercise jurisdiction over the Belize Entities' illegal exaction claim because it would require the Court to review the decisions of a district court. "[T]o establish Tucker Act jurisdiction for an illegal exaction claim, a party that has paid money to the government and seeks its return must make a non-frivolous allegation that the government, in obtaining the money, has violated the Constitution, a statute, or a regulation." *Boeing Co. v. United States*, 968 F.3d 1371, 1383 (Fed. Cir. 2020); *accord Christy, Inc. v. United States*, 971 F.3d 1332, 1336 (Fed. Cir. 2020) ("An illegal exaction occurs when money is improperly paid, exacted, or taken from the claimant in contravention of the Constitution, a statute, or a regulation.") (internal quotation marks omitted). However, "the Court of Federal Claims does not have jurisdiction to review the decisions of district courts." *Allustiarte v. United States*, 256 F.3d 1349, 1352 (Fed. Cir. 2001) (internal quotation marks omitted); *see also Shinnecock Indian*

4

*Nation v. United States*, 782 F.3d 1345, 1353 (Fed. Cir. 2015) (stating that "[p]ermitting parties aggrieved by the decisions of Article III tribunals to challenge the merits of those decisions in the Court of Federal Claims would circumvent the statutorily defined appellate process and severely undercut the orderly resolution of claims.") (citing 28 U.S.C. § 1291). The court "cannot entertain a . . . claim that requires the court to 'scrutinize the actions of' another tribunal." *Vereda Ltda. v. United States*, 271 F.3d 1367, 1375 (Fed. Cir. 2001) (quoting *Allustiarte*, 256 F.3d at 1352).

Here, the Belize Entities' property interests were initially subject to an equitable monetary judgment issued by the district court under Section 13(b) of the FTCA. After the Fourth Circuit vacated the equitable monetary judgment, the district court reaffirmed its contempt sanction and ordered that the seized property interests of the Belize Entities be held by a receiver to satisfy the contempt sanction against the individual defendants. In its order, the district court stated the following:

> Because the Defaulting Corporate Defendants and Estate of John Pukke are directly or indirectly controlled, individually or in some combination, by [the individual defendants], and those three individuals remain subject to the Contempt Order . . . the Defaulting Corporate Defendants, the Estate of John Pukke, and all assets that they directly or indirectly own or control must be turned over to satisfy the Contempt Order against [the individual defendants].

[ECF 6-1] at 3. The district court thus applied the Belize Entities' property interests to the individual defendants' contempt sanction. Consequently, the property interests alleged to be illegally exacted are the same as those being held by the receiver pursuant to the district court's order. Yet, a party asserting an illegal exaction claim in this Court cannot ask the Court to review the propriety of a district court's decision. *See Boise Cascade*, 296 F.3d at 1349 (stating that a "claim before the Court of Federal Claims cannot ask that court to review the propriety of a district court's handling of a case"). Any challenge to the district court's order regarding the property interests of the Belize Entities should be brought before the Fourth Circuit. *See Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 218-19 (1995) (stating that Article III "gives the Federal Judiciary the power, not merely to rule on cases, but to *decide* them, subject to review *only* by superior courts in the Article III hierarchy") (second emphasis added); *see also Bowman v. United States*, 35 Fed. Cl. 397, 401-02 (1996) ("[I]t is not possible to assert jurisdiction at present given the existence of the civil forfeiture judgments . . . . While these final judgments are extant, the exactions cannot be ruled illegal. No jurisdiction exists enabling the United States Court of Federal Claims to overturn these district court determinations.").

The Belize Entities assert that their position is the same as the appellants in *Boise Cascade*, [ECF 7] at 15, a case in which the United States Court of Appeals for the Federal Circuit held that the Court of Federal Claims could assert jurisdiction over a takings claim stemming from an injunction issued by a district court, *Boise Cascade*, 296 F.3d at 1344. The Court does not agree. In that case, Boise Cascade ("Boise") shared logging land with an owl species protected under the Endangered Species Act ("ESA"). *Id.* at 1341. The United States Fish and Wildlife Service ("Service") determined that the land was protected under the ESA and

5

notified Boise to apply for a permit if it wished to log the land, or alternatively to apply for a land swap. *Id.* at 1341-42. Boise filed suit in federal district court, requesting that the court enjoin the Service from enforcing the ESA. *Id.* at 1342. The government filed a counterclaim, asking the court to enjoin Boise from logging the land. *Id.* The district court dismissed the complaint on ripeness grounds and enjoined Boise from logging. *Id.* After it was determined that the endangered owl species was no longer present on the land, the Service notified Boise that a permit was no longer required for logging. *Id.* The district court subsequently lifted the injunction. *Id.* Thereafter, Boise filed a complaint in the Court of Federal Claims, alleging a temporary taking due to the injunction issued by the district court that prevented it from logging. *Id.* On appeal, the Federal Circuit determined that the Court of Federal Claims possessed jurisdiction over the takings claim because "resolution of th[e] case did not require the Court of Federal Claims to review the merits of the district court's order enjoining Boise from logging without a permit," and that, therefore, "there [was] no constitutional defect in the Court of Federal Claims' assertion of jurisdiction over th[e] case." *Id.* at 1344.

In this case, resolution of the Belize Entities' illegal exaction claim would require this Court to review the merits of the district court's decision to use the Belize Entities' property interests to satisfy the individual defendants' contempt sanction. While "[t]he Belize Entities allege that they were compelled to transfer their assets and property to a receiver at the behest of the FTC pursuant to section 13(b) of the FTCA, and that, under the Supreme Court's decision in *AMG*, the FTC had no legal authority under that statute to seek or obtain that transfer," [ECF 7] at 11, this allegation ignores the fact that their property interests are presently being held by the receiver in connection with the contempt sanction issued by the district court, not in connection with the section 13(b) equitable monetary judgment. *See Belize II*, 2023 WL 3766084, at *3 ("[I]t is clear that the [d]efaulting [d]efendants were and are part of a common enterprise of fraud spearheaded by Pukke, Baker, and Usher. As such, the [c]ourt's Contempt Order supports the Default Order's provisions requiring that these entities and their assets be relinquished or transferred to the [r]eceiver."). Thus, any adjudication of the Belize Entities' illegal exaction claim by this Court would unavoidably interfere with the district court's decision and circumvent the appellate process. *See Shinnecock*, 782 F.3d at 1353 (stating that "[p]ermitting parties aggrieved by the decisions of Article III tribunals to challenge the merits of those decision in the Court of Federal Claims would circumvent the statutorily defined appellate process and severely undercut the orderly resolution of claims.") (citing 28 U.S.C. § 1291). Accordingly, the Belize Entities' complaint must be dismissed for lack of subject-matter jurisdiction.

## IV.   CONCLUSION

For the foregoing reasons, the government's motion to dismiss the complaint for lack of subject-matter jurisdiction [ECF 6] is **GRANTED**. The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

s/ Thompson M. Dietz
THOMPSON M. DIETZ, Judge